### 11039

#### HUTCHINSON v. A. C. L. R. CO. *ET AL.*

##### (114 S. E., 323)

RAILROADS—NEGLIGENCE IN NOT GIVING SIGNALS HELD FOR JURY.—In action for death in crossing accident, where there was some testimony to go to the jury under the specifications of negligence respecting the ringing of the bell or sounding of the whistle, as required by Civ. Code 1912, § 3222, the conflict of evidence was for the jury to decide, and the court properly denied motions for nonsuit, and for a directed verdict.

Before GARY, J., Florence, November term, 1921. Affirmed.

Action by C. J. Hutchinson, as administrator of Evander Hutchinson, Dec'd. against Atlantic Coast Line Railroad Co. *et al.* Judgment for plaintiff and defendants appeal.

The sixth exception was that—

"The Court erred in commenting to the jury upon the alleged failure to give the statutory signals; there being no testimony tending to show they were not given, and all the testimony on the subject tending to show that they 'were given."

The seventh exception complained of the denial of defendant's motion for a new trial.

*Mr. F. L. Wilcox* for appellant cites: *Crossing accidents:* 109 S. E., 123; 110 S. E., 154; 94 S. C., 143.

*Messrs. Whiting & Baker,* for respondent, cite: *Liability of railroad for crossing accidents:* 109 S. C., 123; 110 S. E., 154; 26 L. Ed., 485; 1 Civ. Code 1912, Sec. 3222; 106 S. C., 130. *Weight of finding* 12 *jurors:* 21 L. Ed., 749.

October 20, 1922.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for damages for the alleged killing of Evander Hutchinson, and after issue joined was tried before Judge Gary and a jury at Florence, S. C., November, 1921, and resulted in a verdict in favor of plaintiff for the sum of $7,500. At the close of plaintiff's testimony a motion for a nonsuit was made and refused by the Court. Then appellants were permitted by the Court to file an amended answer. At the close of all the testimony the appellants moved for a directed verdict, which was refused. After verdict a motion for a new trial was made and refused. After entry of judgment appellants appeal.

Exceptions 1 to 5, inclusive, allege error on the part of his Honor in not granting motions made by appellants for nonsuit and directed verdict. These exceptions contend that there was no evidence to sustain the allegations of complaint as to either negligence or willfulness; that no one of the acts of negligence specified was the proximate cause of the injury, but the proximate cause of the injury was the negligence and gross negligence of the plaintiff's intestate; and that all of the evidence showed that the negligence of the plaintiff's intestate, if not the sole cause of the injury, contributed as a proximate cause.

There is no doubt but that there was some testimony to go to the jury under the specifications of negligence as alleged in the complaint and under the issues as raised by the pleadings, from which more than one inference could have been drawn. It is true that there was a conflict of evidence, and that was for the jury to decide. His Honor would have been in error to have granted either of these motions. *Wideman v. Hines,* 109 S. E., 123; *Wheelis v. Southern Railway Company,* 110 S. E., 154; also section 3222, Code of Laws, 1912, which provides that bell shall be rung or whistle sounded continuously from a distance of at least 500 yards until the engine has crossed the highway.

From the evidence more than one inference could have been drawn. There was evidence for the jury to pass on whether or not the signals required by statute were given. The Court was right in leaving to the jury for their determination whether or not the statutory signals were given. He read the statute, and fully and clearly charged the law applicable in such cases. We see no error as complained of in the exceptions. All exceptions are overruled, and judgment affirmed.